UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.  6:20-cr-88-ORL-41URH

                                                18 U.S.C. § 1343

KATHRYN SMITH

## INFORMATION

The United States Attorney charges:

## COUNT ONE
### (Wire Fraud)

### A. Introduction

At times material to this Information:

1.      KATHRYN SMITH was part owner of a brand of a title insurance company located in the Middle District of Florida (referred to herein as the "Title Insurer").  In her capacity as part owner, KATHRYN SMITH had access to the Title Insurer's financial accounts, including credit cards, checks, and bank accounts.

2.      Regions Bank and Bank of America were each a financial institution as defined in 18 U.S.C. § 20, the accounts and deposits of which were federally insured by the Federal Deposit Insurance Corporation (FDIC).

## B.  The Scheme

3.      Beginning on or about an unknown date, but not later than in or about December 2012, and continuing through and including in or about May 2019, in the Middle District of Florida, and elsewhere, the defendant,

### KATHRYN SMITH,

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C.  Manner and Means

4.      The manner and means utilized to accomplish the scheme and artifice to defraud included, among others, the following:

a.      It was part of the scheme and artifice to defraud that KATHRYN SMITH would and did unlawfully devise and execute a scheme and artifice to defraud the Title Insurer of money and property by means of materially false and fraudulent pretenses, representations and promises.

b.      It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did use her access to the Title Insurer's bank accounts to embezzle and divert over $400,000 to herself, including by

transferring funds to accounts that belonged to her and by writing checks to herself without any authorization.

        c.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did transfer funds between various property closings to conceal the shortage of funds that her embezzlements had caused.

        d.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did take funds received for closings and use them to pay off older loans that should have been paid off previously but had not been due to the defendant's thefts and embezzlements.

        e.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did use interstate wire transfer to pay off older loans that should have been paid off previously but had not been due to the defendant's thefts and embezzlements.

        f.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did make any necessary mortgage payments for loans for which she had diverted funds.

        g.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did make multiple credit and debit entries

in the Title Insurer's ledgers in an attempt to balance out the loan file and to disperse funds to pay off mortgages past the settlement date.

       h.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did conceal and cover up her thefts and embezzlements of the funds that she had obtained from the Title Insurer through her scheme and artifice to defraud, by:

       (1)     Preparing loan payoff letters that falsely represented the mortgage lender or the payoff amount;

       (2)     Making false entries in the Title Insurer's ledgers to make it appear that the closings had taken place on the settlement dates and that funds had been appropriately disbursed according to the HUD-1; and,

       (3)     Preparing two sets of HUD-1 statements, including a fake HUD-1 that would be included in the Title Insurer's file to justify the ledger entries that she had made in the Title Insurer's records.

       i.     It was a further part of the scheme and artifice to defraud that KATHRYN SMITH would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the scheme and the acts committed in furtherance thereof.

## D. <u>Interstate Wire Transmission</u>

5.      On or about November 20, 2018, in the Middle District of Florida, and elsewhere, the defendant,

### KATHRYN SMITH,

for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did knowingly, and with intent to defraud, transmit and cause to be transmitted by means of wire communication in interstate commerce, a writing, sign, signal, picture, and sound, that is, a $133,634.50 wire transfer from the Title Insurer's escrow account at Regions Bank in the Middle District of Florida to an account for a mortgage lender at Bank of America in New York.

In violation of 18 U.S.C. § 1343.

### <u>FORFEITURES</u>

1.      The allegations contained in Count One are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived

from proceeds traceable to the violation.

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: ______________________
Amanda Daniels
Assistant United States Attorney

By: ______________________
Roger B. Handberg
Assistant United States Attorney
Chief, Orlando Division

By: ______________________
Amanda Riedel
Assistant United States Attorney
Deputy Chief, Criminal Division